UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RASHAD DALE MITCHELL, )<br>)<br>          Plaintiff, )<br>)<br>       v. )<br>)<br>RANDALL VANVLEET, )<br>)<br>          Defendant. ) | No. 2:20-cv-00515-JRS-MG |

**Order Denying Motion for Summary Judgment and Providing Rule 56(f) Notice**

Plaintiff Rashad Mitchell, an inmate at Correctional Industrial Facility, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Randall VanVleet violated his Eighth Amendment rights by failing to protect him from assault by other inmates. Mr. VanVleet seeks summary judgment arguing that Mr. Mitchell failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, before filing this lawsuit. For the following reasons, the motion for summary judgment is denied and Mr. VanVleet is provided notice of the Court's intention to grant summary judgment in Mr. Mitchell's favor.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Facts

### A. Mr. Mitchell's Claims

Mr. Mitchell alleges in the complaint that, on June 29, 2020, while he was incarcerated at Wabash Valley Correctional Facility ("WVCF"), he reported to Mr. VanVleet concerns for his safety, which Mr. VanVleet ignored. Dkt. 1. Then, on September 23, 2020, Mr. Mitchell alleges that two other inmates assaulted him in his cell. *Id.*

### B. Grievance Process

At the time of the incident, WVCF had a grievance process as required by Indiana Department of Correction ("IDOC") policy. Dkt. 28-1 ¶ 5. Through the grievance process, inmates may grieve the conditions of their confinement, the substance of IDOC policies and procedures, and how individual staff members interpret and apply those policies and procedures. *Id.* ¶ 21; dkt. 28-2 at 3. Classification decisions, including inmate placement and transfers, may not be grieved through the grievance process. Dkt. 28-2 at 4.

Under the grievance process, an inmate seeking to raise a concern about prison life must complete the following steps:

1. Attempt to resolve the problem informally;

2. Attempt to resolve the problem formally;

3. Submit a written appeal to the Warden or his or her designee; and

4. Submit a written appeal to the Department Grievance Manager.

*See id.* ¶ 10; dkt. 28-2 at 3. Inmates are made aware of the grievance process during orientation, and copies of the grievances process are available in the law library. Dkt. 28-1 ¶¶ 22, 24.

A review of Mr. Mitchell's grievance records reveals that he filed a formal grievance on June 30, 2020, stating that he had family ties with a prison official, that a "hit" had been placed on him because of this relationship, and that when he raised his concerns to Mr. VanVleet, Mr. VanVleet ignored them. *Id.* ¶ 28; dkt. 28-4. For relief, Mr. Mitchell asked to be transferred to ensure his safety. Dkt. 28-4. The grievance specialist returned the grievance without acting on it, noting that inmate housing is a classification issue, and that Mr. Mitchell could file a classification appeal. Dkt. 28-5. The grievance was marked "Final and Only Return." *Id.* Mr. Mitchell states he filed a classification appeal, and it was denied. Dkt. 32 p. 2. The defendants have not produced any evidence to the contrary.

### III. Discussion

Mr. VanVleet argues that Mr. Mitchell failed to exhaust his available administrative remedies on his failure-to-protect claim because he did not submit any grievances that Mr. VanVleet failed to protect him from harm.

### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Mr. Mitchell's Use of the Grievance Process

It is undisputed that Mr. Mitchell filed only one grievance related to his failure-to-protect claim and that this grievance was filed before the alleged assault. That grievance was rejected because the requested relief related to a classification issue, which is not appropriate for the grievance process. Further, Mr. Mitchell asserts that he did file a classification appeal, and the defendants present no evidence that he did not.

Mr. VanVleet argues that, although Mr. Mitchell's request to be transferred was not appropriate for the grievance process, his allegation that Mr. VanVleet failed to protect him from attack was. Because Mr. Mitchell did not file a grievance after the assault, Mr. VanVleet concludes that Mr. Mitchell failed to exhaust his available administrative remedies. Mr. Mitchell argues that he exhausted the remedies that were available to him because he filed a grievance that gave prison

officials notice of his concern that he would be assaulted. He asserts that he did not have to grieve again after the assault he feared took place.

"To exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (citations omitted). Thus, the Seventh Circuit has held that a prisoner's grievance about ongoing prison policies, including allegedly illegal lockdowns, was sufficient to exhaust administrative remedies about all of the plaintiff's complaints about lockdowns. *Id.* In a case like this one, the Tenth Circuit held that an inmate who submitted a grievance about concerns for his safety did not have to file a new grievance "when the very risk to his safety that he identified during the grievance process came to pass…." *Howard v. Wade*, 534 F.3d 1227, 1244 (10th Cir. 2008). True, the plaintiff in that case exhausted each step of the grievance process, while Mr. Mitchell did not. But Mr. Mitchell was told he couldn't grieve his safety concerns, and he asserts that he filed a classification appeal as directed. The defendants therefore have failed to show that Mr. Mitchell did not exhaust those remedies that were available to him, so they are not entitled to summary judgment.

Further, there seems to be no dispute that Mr. Mitchell filed a classification appeal. If that is true, then Mr. Mitchell is entitled to summary judgment because he exhausted those remedies that were available to him. Mr. VanVleet will be given the opportunity to show cause why the Court should not grant summary judgment to Mr. Mitchell on the exhaustion defense. *See* Fed. R. Civ. P. 56(f)(3) (allowing Court to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute")

5

## IV. Conclusion and Rule 56(f) Notice

For the foregoing reasons, Mr. VanVleet's motion for summary judgment, dkt. [28], is **denied**. The current record before the Court shows that Mr. Mitchell is entitled to summary judgment on the affirmative defense of exhaustion. Therefore, pursuant to Rule 56(f)(3), the Court gives Mr. VanVleet notice of its intent to grant summary judgment in the plaintiff's favor on this issue. Mr. VanVleet has **through September 13, 2021**, to respond to the Court's proposal. Alternatively, Mr. VanVleet may withdraw his affirmative defense by this date.

**IT IS SO ORDERED.**

Date: 8/13/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RASHAD DALE MITCHELL
200756
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov