UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RASHAD DALE MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:20-cv-00515-JRS-MG |
| RANDALL VANVLEET, | ) ) ) |
| Defendant. | ) ) |

**Order Granting Defendant's Motion for Summary Judgment, Denying Plaintiff's Motion for Summary Judgment, and Directing Entry of Final Judgment**

Plaintiff Rashad Mitchell, a former Indiana inmate, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Randall VanVleet violated his Eighth Amendment rights by failing to protect him from assault by other inmates. Mr. VanVleet sought summary judgment arguing that Mr. Mitchell failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, before filing this lawsuit. The Court previously denied Mr. VanVleet's motion for summary judgment, finding that Mr. Mitchell had presented facts that he filed a classification appeal related to his claims in this case. Dkt. 35. The Court directed Mr. VanVleet pursuant to Rule 56(f) of the Federal Rules of Procedure to show why summary judgment should not be entered for Mr. Mitchell on the exhaustion defense. *Id.*

Mr. VanVleet sought a *Pavey* hearing or leave to supplement the record, and the Court directed him to file a supplemental motion for summary judgment on the exhaustion defense. He has done so, and Mr. Mitchell has responded. For the following reasons, the supplemental motion for summary judgment is **GRANTED**.

## I. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Facts

### A. Mr. Mitchell's Claims

Mr. Mitchell alleges in the complaint that on June 29, 2020, while he was incarcerated at Wabash Valley Correctional Facility ("WVCF"), he reported to Mr. VanVleet concerns for his safety, which Mr. VanVleet ignored. Dkt. 1. Then, on September 23, 2020, Mr. Mitchell alleges that two other inmates assaulted him in his cell. *Id.*

### B. Grievance Process

At the time of the incident, WVCF had a grievance process as required by Indiana Department of Correction ("IDOC") policy. Dkt. 28-1 ¶ 5. Through the grievance process, inmates may grieve the conditions of their confinement, the substance of IDOC policies and procedures, and how individual staff members interpret and apply those policies and procedures. *Id.* ¶ 21; dkt. 28-2 at 3. Classification decisions, including inmate placement and transfers, may not be grieved through the grievance process. Dkt. 28-2 at 4.

A review of Mr. Mitchell's grievance records reveals that he filed a formal grievance on June 30, 2020, stating that he had family ties with a prison official, that a "hit" had been placed on him because of this relationship, and that when he raised his concerns to Mr. VanVleet, Mr. VanVleet ignored them. Dkt. 28-1. ¶ 28; dkt. 28-4. For relief, Mr. Mitchell asked to be transferred to ensure his safety. Dkt. 28-4. On July 2, 2020, the grievance specialist returned the grievance without acting on it, noting that inmate housing is a classification issue, and that Mr. Mitchell could file a classification appeal. Dkt. 28-5. The grievance was marked "Final and Only Return." *Id.*

In response to the initial motion for summary judgment, Mr. Mitchell stated that he filed a classification appeal, and it was denied. Dkt. 32 p. 2. Then, in his response to the supplemental motion for summary judgment, Mr. Mitchell states that he "followed up with a classification appeal the DOC is refusing to provide him to offer as evidence." Dkt. 40 p. 2. Mr. Mitchell also states that he refused to sign a report of classification hearing and that this refusal served as his classification appeal. Dkt. 43. Mr. Mitchell also submits two Report of Classification Hearing forms. Dkt. 40-1, 45-1. This first is dated July 6, 2020, and appears to relate to his transfer to general population after completing time in segregation. Dkt. 40-1. There is a note on this form

that Mr. Mitchell refused to sign it. *Id.* The second is dated August 7, 2020, and appears to relate to Mr. Mitchell's request for a transfer. Dkt. 45-1. This form states "remain INP thru 10/1/2020," and it appears Mr. Mitchell did sign it. *Id.* But there is no record of any classification appeals filed by Mr. Mitchell in the relevant timeframe. Dkt. 39-1 ¶ 7.

### III. Discussion

In the supplemental motion for summary judgment, Mr. VanVleet argues that Mr. Mitchell failed to exhaust his available administrative remedies because he did not file a classification appeal when he was told that his housing is a classification issue.

#### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 39, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

#### B. Mr. Mitchell's Use of the Grievance Process

It is undisputed that Mr. Mitchell filed only one grievance related to his failure-to-protect claim and that this grievance was filed before the alleged assault. That grievance was rejected

4

because the requested relief related to a classification issue, which is not appropriate for the grievance process.

In his initial motion for summary judgment, Mr. VanVleet argued that, although Mr. Mitchell's request to be transferred was not appropriate for the grievance process, his allegation that Mr. VanVleet failed to protect him from attack was. Because Mr. Mitchell did not file a grievance after the assault, Mr. VanVleet concluded that Mr. Mitchell failed to exhaust his available administrative remedies. Mr. Mitchell argued that he exhausted the remedies that were available to him because he filed a grievance that gave prison officials notice of his concern that he would be assaulted. He asserted that he did not have to grieve again after the assault he feared took place. The Court reasoned that Mr. Mitchell did not have to file multiple, successive grievances regarding his fear of assault. Dkt. 35. And, because Mr. Mitchell had asserted that when he was told he couldn't grieve his safety concerns, he did file a classification appeal and Mr. VanVleet did not dispute that statement, the Court explained that summary judgment in Mr. Mitchell's favor seemed appropriate and provided Mr. VanVleet the required notice under Rule 56(f).

In response to the Court's Notice, Mr. VanVleet provides evidence to contradict Mr. Mitchell's unsupported assertion that he filed a classification appeal.[1] Even after Mr. VanVleet's response, Mr. Mitchell has not presented sufficient evidence to support his assertion. Mr. Mitchell did submit two Report of Classification Hearing forms, dkt. 40-1, 45-1. There is an indication on the first form that he refused to sign it. Dkt. 40-1. While Mr. Mitchell contends that the failure to sign equated to an appeal, he points to no evidence suggesting that this constituted a proper classification appeal.

---

[1] Mr. Mitchell does not affirm under penalties for perjury that he filed a classification appeal.

Mr. Mitchell also asserts that he did file a classification appeal—presumably an actual appeal and not just a non-signature. But he does not state when or how he filed a classification appeal or which classification decision he appealed. He therefore did not submit evidence that he properly exhausted the classification process. On this record, Mr. Mitchell has not presented sufficient evidence to allow a reasonable factfinder to conclude that he did exhaust his available administrative remedies by filing a classification appeal.

### IV. Conclusion

For the foregoing reasons, defendant VanVleet's supplemental motion for summary judgment, dkt. [39], is **GRANTED**. Plaintiff Mitchell's motion for summary judgment, dkt. [40], is **DENIED**. The motion to strike Mr. Mitchell's surreply, dkt. [46], is **DENIED** as moot.

Final judgment dismissing this action without prejudice shall issue.

**IT IS SO ORDERED.**

Date: 1/12/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RASHAD DALE MITCHELL
200756
MARION COUNTY JAIL II
MARION COUNTY JAIL II
Inmate Mail/Parcels
730 East Washington Street
Indianapolis, IN 46202

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov